UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-21811-CIV-SEITZ/O'SULLIVAN

AMERICAN NATIONAL FIRE INS. CO., et al.,

        Plaintiff,

vs.

M/V SEABOARD VICTORY, etc., et al.,

        Defendants.
_____/

## ORDER DENYING DEFENDANT SEABOARD'S DAUBERT MOTION TO EXCLUDE BRIAN MAHONEY JR. AS AN EXPERT WITNESS FOR PLAINTIFF

THIS MATTER is before the Court on Defendant Seaboard's Daubert Motion to Exclude Brian Mahoney Jr. as an Expert Witness for Plaintiff (DE-63). Seaboard seeks to exclude Mahoney's expert testimony, claiming Mahoney has "no reliable basis" for his opinion that the cargo at issue was removed from its Seaboard container ("Container") while the Container was en route to the Port of Miami by tampering with the bar seal and door rivets on the Container. However, Mahoney's declaration clearly establishes he is a qualified expert proffering reliable testimony based on his sixteen years of experience as a surveyor and his review of the material evidence in this case. As Seaboard offers no evidence in response, its motion is denied.

1. **Background Facts**

As Seaboard has not presented the Court with Mahoney's deposition testimony, the following facts from Mahoney's affidavit are undisputed.[1] Mahoney has been a marine and cargo surveyor for the last sixteen years with the surveying firm Donald J. Mahoney & Co, a firm dedicated to marine cargo inspections and loss adjustments. (DE-69, Declaration of Brian Mahoney ("Mahoney Dec.") ¶ 1). Mahoney has performed hundreds, if not thousands, of surveys and provided testimony in at least twenty

---

[1] Additional facts concerning the litigation are provided in the Court's Order Granting Plaintiffs' Motion for Summary Judgment and Denying Seaboard's Motion for Partial Summary Judgment, which is being filed concurrently with this Order.

cases, with most of those cases pertaining to cargo theft. (Mahoney Dec. ¶ 2; Mahoney Dec., Ex. M). As a marine surveyor, he has had to determine the cause of a loss of cargo from a container with apparently intact seals many times and has become familiar with different methods that can be used to remove cargo from a loaded and sealed container without breaking the seals. (Mahoney Dec. ¶ 3).

Mahoney's work on this case has included the following: (1) interviews with Crossroads employees involved in the loading of the Container and Seaboard's claims director, Ingrid Velez, (2) review of documentation and security videos related to the loading, weighing and transport of the Container, (3) inspection of the Container and (4) inspection of the seals that were affixed to the Container prior to its departure from the Crossroads warehouse in Miami. (Mahoney Dec. ¶¶ 5-7, 19-20, 24).

Upon completing his work, Mahoney concluded that the missing cargo was removed from the Seaboard container at some point between the departure of Newport's truck from Crossroads' warehouse in Miami and its arrival three hours later at the Port of Miami. (Mahoney Dec. ¶ 38). He opines that the right hand door of the Container was opened by drilling a hole into the back of the bar seal's locking bracket and by removing the rivet on the right hand door's inner lever mount. (*Id.*). Mahoney has submitted industry photos showing how a door can be opened without breaking a bullet seal by removing the rivet on a door's lever mount. (Mahoney Dec. ¶¶ 34-36; Mahoney Dec., Exs. J,K,L).

2.  **Analysis**

Seaboard now claims that Mahoney should be excluded as an expert witness because he "lacks the specialized knowledge required to provide expert testimony" and he has "no reliable basis" for his opinion as to the cause of the loss of cargo. The Court's determination of whether a proffered expert can offer opinion testimony is governed by Rule 702 of the Federal Rules of Evidence, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Additionally, the Court can only admit expert testimony into evidence if it rests on a reliable foundation. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

Therefore, in determining whether to admit expert testimony into evidence, the Court must make a three-part inquiry to determine whether "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *City of Tuscaloosa v. Hacros Chemicals, Inc.*, 158 F.3d 548, 562 (11th Cir. 1998). This test is flexible and a court must ultimately determine if an "expert's opinion 'will have a reliable basis in the knowledge and experience of his discipline.'" *United States v. Paul*, 175 F.3d 906, 910 (11th Cir. 1999) (citations omitted). A district court has considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable, and that discretion is given a large degree of deference. *McDowell v. Brown*, 392 F.3d 1283, 1299 (11th Cir. 2004).

Seaboard first claims that Mahoney lacks "specialized knowledge" to be qualified as an expert. However, as Mahoney has sixteen years of experience as a marine and cargo surveyor, and has completed hundreds, if not thousands, of surveys, there can be no question that Mahoney is qualified to provide expert testimony as to the cause of the loss of the cargo. *See Great Am. Ins. Co. v. M/V Handy Laker*, 2002 WL 32191640, at *3 nn.6 & 7 (three marine surveyors each having years of experience qualified to provide expert testimony).

As a result, the only remaining question is whether Mahoney has "a reliable basis in the knowledge and experience of his discipline" to support his opinion. This is also not a close question. Mahoney's interview of witness, review of documentation, inspection of the Container doors and inspection of the seals show his opinion is not based on speculation, but a careful review of the evidence.

*Compare M/V Handy Laker,* 2002 WL 32191640, at *3 n.9 (expert testimony admissible when based on review of relevant pictures and documents, *with Rothfos Corp. v. M/V Nuevo Leon,* 123 F. Supp. 2d 362, 372 (S.D. Tex. 2000) (expert testimony on the cause of loss inadmissible when no proof of his methodology is offered). While Seaboard suggests that Mahoney's testimony is unreliable because Mahoney purportedly stated at a deposition that he had not worked on a survey where a container was accessed without breaking the seals, Seaboard has failed to attach any deposition testimony supporting its claim. Furthermore, the Court sees no reason why this admission would preclude Mahoney's testimony, especially given the fact that Seaboard's own corporate designee testified that she has heard from surveyors that container doors can be opened without breaking their seals. (DE-73-2, Velez Dep. at 81-82). As a result, it is hereby

ORDERED that Defendant Seaboard's Daubert Motion to Exclude Brian Mahoney Jr. as an Expert Witness for Plaintiff (DE-63) is DENIED.

DONE AND ORDERED in Miami, Florida this 9th day of October, 2009.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
All counsel of record